USDC-BALTIMORE
'26 JAN 21 PM 1:25

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

**KHALIL MAKINS-DENNIS,**
Plaintiff,

v.

**LIFESTAR RESPONSE OF MARYLAND, INC.,**
Defendant.

Civil Action No. JRR 26 CV 00253

# COMPLAINT

**(Retaliation in Violation of Title VII of the Civil Rights Act of 1964)**

## I. JURISDICTION AND VENUE

1. This action arises under **Title VII of the Civil Rights Act of 1964**, as amended, **42 U.S.C. §§ 2000e et seq.**
2. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331** and **42 U.S.C. § 2000e-5(f)(3)**.
3. Venue is proper in this District under **28 U.S.C. § 1391(b)** because the unlawful employment practices occurred in the District of Maryland and Defendant conducts business within this District.

## II. PARTIES

4. Plaintiff **Khalil Makins-Dennis** is a resident of Baltimore, Maryland and was employed by Defendant as an Emergency Medical Technician ("EMT").



Rcv'd by: AR

5. Defendant **Lifestar Response of Maryland, LLC** is an employer within the meaning of Title VII and operates EMS services in Maryland.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff engaged in protected activity under Title VII by participating as a witness in an EEOC investigation and charge involving a former employer.
7. Plaintiff was terminated shortly after Defendant became aware of this protected activity.
8. Plaintiff has satisfied all administrative prerequisites to filing this action, including filing a charge with the Equal Employment Opportunity Commission and receiving a Notice of Right to Sue.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff was hired by Defendant on or about **July 15, 2024** as an Emergency Medical Technician.
10. Plaintiff consistently performed his job duties in a satisfactory manner.
11. Prior to his employment with Defendant, Plaintiff was employed by **Procare Ambulance of Maryland, Inc.**
12. While employed by Procare Ambulance of Maryland, Inc., Plaintiff served as a **witness** to conduct that resulted in his EMS partner filing a charge of discrimination and retaliation with the Equal Employment Opportunity Commission.
13. Plaintiff's name and role as a witness were documented in EEOC materials related to that charge.
14. Plaintiff and his EMS partner were later terminated by Procare Ambulance of Maryland, Inc.
15. **After the termination of Plaintiff's EMS partner,** and while EEOC proceedings involving Procare Ambulance of Maryland, Inc. were ongoing, **Procare Ambulance of Maryland, Inc. contacted Defendant regarding Plaintiff's partner and the EEOC matter.**
16. Defendant's management questioned Plaintiff's EMS partner about the EEOC proceedings involving Procare Ambulance of Maryland, Inc., demonstrating Defendant's awareness of the protected activity.
17. Shortly thereafter, Plaintiff experienced a marked change in treatment at Defendant, including heightened scrutiny, unfavorable assignments, and selective discipline.
18. Plaintiff reasonably believed this treatment was retaliatory and objected to it.
19. Plaintiff's EMS partner formally notified Defendant's Human Resources department of the retaliatory conduct and identified Plaintiff as a witness.
20. Defendant was placed on notice of Plaintiff's protected participation in EEOC activity.
21. Defendant failed to take corrective action.
22. On or about **April 15, 2025**, Defendant terminated Plaintiff's EMS partner.

23. Plaintiff was present as a witness to the termination and requested that Human Resources be contacted and documentation provided.
24. Defendant's management refused to involve Human Resources and escalated the situation to law enforcement.
25. While Plaintiff was providing a statement to law enforcement as a witness, Defendant's management informed Plaintiff that he was **terminated for "insubordination."**
26. No written policy violation or contemporaneous explanation was provided to Plaintiff.
27. Plaintiff immediately stated that the termination was retaliatory.
28. Body-worn camera footage exists documenting Defendant's refusal to involve Human Resources and its inability to articulate a legitimate reason for Plaintiff's termination.
29. Plaintiff was terminated **after Defendant gained knowledge of his protected activity,** and the stated reason of "insubordination" was pretextual.

## V. COUNT I

**Retaliation in Violation of Title VII**

**(42 U.S.C. § 2000e-3(a))**

30. Plaintiff incorporates paragraphs 1–29 as if fully set forth herein.
31. Plaintiff engaged in protected activity under Title VII by:

- Participating as a documented witness in EEOC proceedings; and
- Opposing conduct he reasonably believed to be retaliatory.

32. Defendant had actual knowledge of Plaintiff's protected activity, including through communications initiated by Procare Ambulance of Maryland, Inc. concerning the EEOC matter.
33. Defendant subjected Plaintiff to an adverse employment action by terminating his employment.
34. There is a causal connection between Plaintiff's protected activity and his termination, as shown by temporal proximity, disparate treatment, escalation to law enforcement, and pretextual justification.
35. Defendant's conduct constitutes unlawful retaliation in violation of Title VII.

## VI. DAMAGES

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:

- Lost wages and employment benefits;
- Emotional distress and humiliation;

- Damage to professional reputation.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and award:

a. Back pay, including lost wages and benefits;
b. Front pay in lieu of reinstatement;
c. Compensatory damages;
d. Punitive damages;
e. Attorney's fees and costs pursuant to **42 U.S.C. § 2000e-5(k)**;
f. Prejudgment and post-judgment interest;
g. Appropriate injunctive relief; and
h. Such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a **trial by jury** on all issues so triable.

Respectfully submitted,

**Khalil Makins-Dennis**
Plaintiff, Pro Se
1219 Halstead Road
Baltimore, MD 21234
Phone: 443-509-8221